THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2917/3380/0698
     Facsimile: (213) 894-3713
     E-mail: ariel.neuman@usdoj.gov
             justin.rhoades@usdoj.gov
             jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
| Plaintiff, | ) <u>PLEA AGREEMENT FOR DEFENDANT</u> <u>MARIO LOPEZ</u> |
| v. | ) |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) |
| Defendants. | ) |

1. This constitutes the plea agreement between MARIO LOPEZ ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

//
//

1                                     <u>PLEA</u>

2      2. Defendant agrees to plead guilty to count one of the

3 First Superseding Indictment in <u>United States v. Ramon Narciso</u>

4 <u>Mendoza, et al.</u>, CR No. 09-230(A)-SVW.

5                          <u>NATURE OF THE OFFENSE</u>

6      3. In order for defendant to be guilty of count one,

7 which charges a violation of Title 21, United States Code,

8 Section 846, the following must be true:

9         a. Defendant entered into an agreement with at least

10 one other person to commit the crime of distribution of heroin;

11 and

12         b. Defendant became a member of the conspiracy knowing

13 of at least one of its objects and intending to help accomplish

14 it.

15      4. Moreover, in order for defendant to be subject to the

16 statutory maximum and statutory minimum sentence set forth below,

17 the government must prove beyond a reasonable doubt that

18 defendant conspired to distribute at least 1 kilogram of a

19 mixture or substance containing a detectable amount of heroin, a

20 schedule I narcotic controlled substance. Defendant admits that

21 defendant, in fact, conspired to distribute at least 1 kilogram

22 of a mixture or substance containing a detectable amount of

23 heroin, as described in count one of the First Superseding

24 Indictment.

25                                 <u>PENALTIES</u>

26      5. The statutory maximum sentence that the Court can

27 impose for this violation of Title 21, United States Code Section

28

846 is: lifetime imprisonment, a lifetime period of supervised release, a fine of $4,000,000, and a mandatory special assessment of $100.

6.  Absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2, the statutory mandatory minimum sentence that the Court must impose for this violation of Title 21, United States Code, Section 846 is: 10 years imprisonment, a 5-year term of supervised release, and a mandatory special assessment of $100.

7.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

9.  Under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program benefits; furthermore, any such benefits or assistance received by defendant's family members

3

1  will be reduced to reflect defendant's ineligibility.

2      10.  Defendant further understands that the conviction in
3  this case may subject defendant to various collateral
4  consequences, including but not limited to deportation,
5  revocation of probation, parole, or supervised release in another
6  case, and suspension or revocation of a professional license.
7  Defendant understands that unanticipated collateral consequences
8  will not serve as grounds to withdraw defendant's guilty plea.

9                          FACTUAL BASIS

10      11.  Defendant and the USAO agree and stipulate to the
11 statement of facts provided below.  This statement of facts is
12 sufficient to support a plea of guilty to the charge described in
13 this agreement and to establish the sentencing guideline factors
14 set forth in paragraph 14 below.  It is not meant to be a
15 complete recitation of all facts relevant to the underlying
16 criminal conduct or all facts known to either party that relate
17 to that conduct.

18      Beginning on a date unknown and continuing through April 9,
19 2009, defendant knowingly and intentionally conspired with
20 various co-defendants to distribute more than 1 kilogram of
21 heroin.  Specifically, defendant agreed to and did receive heroin
22 from various co-defendants, and then, together with others, sold
23 it in the Los Angeles area.  Defendant regularly communicated
24 with co-defendants in order to arrange for the delivery of black
25 tar heroin to him and others, and would help process and package
26 the heroin for sales to customers.  Defendant also communicated
27 with co-defendants in order to arrange for the delivery of
28 proceeds derived from the sale of heroin back to Mexico.

Defendant would also coordinate information with others regarding law enforcement activity to help those involved in the sale and transportation of heroin evade detection by law enforcement.

As examples of his activities in furtherance of the conspiracy, defendant admits that on January 27, 2009, defendant and a co-defendant arranged for the delivery of 17.65 grams of heroin packaged in multi-colored balloons for individual distribution to a co-defendant. Defendant also admits that on March 24, 2009, defendant and others possessed with the intent to distribute approximately 596.36 grams of heroin, approximately $13,652 in United States currency, "pay and owe" sheets, bags of empty multicolored balloons, and empty sandwich baggies, at a residence in Lynwood, California.

Defendant admits he knew that the substance he conspired to and did possess and distribute was heroin. Defendant further admits that he knew that the conspiracy to sell heroin included an agreement to sell more than 1 kilogram but less than 3 kilograms of heroin.

## WAIVER OF CONSTITUTIONAL RIGHTS

12. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel -- and, if

5

1 necessary, to have the court appoint counsel if defendant cannot
2 afford counsel -- at every other stage of the proceeding.)
3     d) The right to be presumed innocent and to have the
4 burden of proof placed on the government to prove defendant
5 guilty beyond a reasonable doubt.
6     e) The right to confront and cross-examine witnesses
7 against defendant.
8     f) The right, if defendant wished, to testify on
9 defendant's own behalf and present evidence in opposition to the
10 charges, including the right to call witnesses and to subpoena
11 those witnesses to testify.
12     g) The right not to be compelled to testify, and, if
13 defendant chose not to testify or present evidence, to have that
14 choice not be used against defendant.
15     By pleading guilty, defendant also gives up any and all
16 rights to pursue any affirmative defenses, Fourth Amendment or
17 Fifth Amendment claims, and other pretrial motions that have been
18 filed or could be filed.

## SENTENCING FACTORS

20   13. Defendant understands that the Court is required to
21 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),
22 including the kinds of sentence and sentencing range established
23 under the United States Sentencing Guidelines ("U.S.S.G." or
24 "Sentencing Guidelines"), in determining defendant's sentence.
25 Defendant further understands that the Sentencing Guidelines are
26 advisory only, and that after considering the Sentencing
27 Guidelines and the other § 3553(a) factors, the Court may be free
28 //

6

to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

14. Defendant and the USAO agree and stipulate to the following applicable Sentencing Guidelines factors:

Base Offense Level :    <u>32</u>    U.S.S.G. § 2D1.1(c)(4)

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.

15. The parties agree that:

    a) Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    b) The offense did not result in death or serious bodily injury to any person; and

    c) Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise.

16. There is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO, pursuant to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and

//

(a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

18. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

19. Defendant agrees that he will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

//

f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

## THE USAO'S OBLIGATIONS

20. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

a) To abide by all sentencing stipulations contained in this agreement.

b) At the time of sentencing to move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

c) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

d) To recommend that defendant be sentenced to a term of imprisonment at the low end of the applicable Sentencing Guidelines imprisonment range provided that the total offense

level as calculated by the Court is 29 or higher (or 27 or higher should the Court determine that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2) and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines imprisonment range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## BREACH OF AGREEMENT

21. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

22. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

//

b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

23. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02

of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

24. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory minimum and maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 29, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

26. The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations. Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum

1  established by statute, defendant cannot, for that reason,
2  withdraw defendant's guilty plea, and defendant will remain bound
3  to fulfill all defendant's obligations under this agreement.  No
4  one -- not the prosecutor, defendant's attorney, or the Court --
5  can make a binding prediction or promise regarding the sentence
6  defendant will receive, except that it will be within the
7  statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

9     27.  Except as set forth herein, there are no promises,
10 understandings or agreements between the USAO and defendant or
11 defendant's counsel.  Nor may any additional agreement,
12 understanding or condition be entered into unless in a writing
13 signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

15    28.  The parties agree and stipulate that this Agreement
16 will be considered part of the record of defendant's guilty plea
17 hearing as if the entire Agreement had been read into the record
18 of the proceeding.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1  This agreement is effective upon signature by defendant and
2 an Assistant United States Attorney.

3 AGREED AND ACCEPTED

4 UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA
5
THOMAS P. O'BRIEN
6 United States Attorney

7  _____   -7/6/09_____
8 ARIEL A. NEUMAN                      Date
JUSTIN RHOADES
9 JEFF MITCHELL
Assistant United States Attorneys
10

11  This agreement has been read to me in **Spanish**, the language
12 I understand best.  I have carefully discussed every part of this
13 agreement with my attorney.  I understand the terms of this
14 agreement, and I voluntarily agree to those terms.  My attorney
15 has advised me of my rights, of possible defenses, of the
16 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17 relevant Sentencing Guidelines provisions, and of the
18 consequences of entering into this agreement.  No promises or
19 inducements have been given to me other than those contained in
20 this agreement.  No one has threatened or forced me in any way to
21 enter into this agreement.  Finally, I am satisfied with the
22 representation of my attorney in this matter.

23 _____   _____
MARIO LOPEZ                          Date
24 Defendant
25 //
26 //
27 //
28 //

14

```
 1      This agreement is effective upon signature by defendant and
 2 an Assistant United States Attorney.
 3 AGREED AND ACCEPTED
 4 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
 5
   THOMAS P. O'BRIEN
 6 United States Attorney
 7
 8 ARIEL A. NEUMAN                              Date
   JUSTIN RHOADES
 9 JEFF MITCHELL
   Assistant United States Attorneys
10
11      This agreement has been read to me in Spanish, the language
12 I understand best. I have carefully discussed every part of this
13 agreement with my attorney. I understand the terms of this
14 agreement, and I voluntarily agree to those terms. My attorney
15 has advised me of my rights, of possible defenses, of the
16 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
17 relevant Sentencing Guidelines provisions, and of the
18 consequences of entering into this agreement. No promises or
19 inducements have been given to me other than those contained in
20 this agreement. No one has threatened or forced me in any way to
21 enter into this agreement. Finally, I am satisfied with the
22 representation of my attorney in this matter.
23
   MARIO LOPEZ
24 Defendant                                    Date
25 //
26 //
27 //
28 //
```

1  I, _ESTHER M. HERMIDA_, am fluent in written and spoken
2  English and Spanish languages.  I accurately translated this
3  entire agreement from English into Spanish to defendant MARIO
4  LOPEZ on this date.
5
6  _____     _7/2/09_____
   Interpreter                          Date

7  I am MARIO LOPEZ' attorney.  I have carefully discussed every
8  part of this agreement with my client.  Further, I have fully
9  advised my client of his rights, of possible defenses, of the
10 sentencing factors set forth in 18 U.S.C. § 3553(a), of the
11 relevant Sentencing Guidelines provisions, and of the
12 consequences of entering into this agreement.  To my knowledge,
13 my client's decision to enter into this agreement is an informed
14 and voluntary one.
15
16 _____     _7/2/09_____
   JOHN MCNICHOLAS                     Date
17 Counsel for Defendant
   MARIO LOPEZ
18
19
20
21
22
23
24
25
26
27
28