GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
          justin.rhoades@usdoj.gov
          jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 09-230(A)-SVW |
|---|---|
| Plaintiff, | ) GOVERNMENT'S POSITION RE: |
| v. | ) SENTENCING OF DEFENDANT |
| | ) MARIO LOPEZ |
| RAMON NARCISO MORALES MENDOZA, ET AL., | ) SENTENCING DATE: **11/9/2008** |
| Defendants. | ) |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position relating to defendant Mario Lopez.

///

///

The United States' position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report, and any other evidence or argument that the Court may wish to consider at the time of sentencing.

DATED: October 19, 2009          Respectfully submitted,

                                 GEORGE S. CARDONA
                                 Acting United States Attorney

                                 CHRISTINE C. EWELL
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____
                                 ARIEL A. NEUMAN
                                 JUSTIN R. RHOADES
                                 JEFF P. MITCHELL
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 13, 2009, defendant Mario Lopez ("defendant") pled guilty to Count One of the First Superseding Indictment, conspiracy to distribute more than one kilogram of heroin in violation of 21 U.S.C. § 846.  Defendant admitted that regularly communicated with co-defendants in order to arrange for the delivery of black tar heroin to him and others, that he received heroin from various co-defendants, that he would help process and package the heroin for sales to customers, and then, that together with others, he sold it in the Los Angeles area.  Plea Agreement ¶ 11.  Defendant further admitted that he communicated with co-defendants in order to arrange for the delivery of proceeds derived from the sale of heroin back to Mexico, and that he coordinated information with others regarding law enforcement activity to help those involved in the sale and transportation of heroin evade detection by law enforcement.  Id.  Defendant admitted the following examples of his activities in furtherance of the conspiracy: 1) on January 27, 2009, defendant and a co-defendant arranged for the delivery of 17.65 grams of heroin packaged in multi-colored balloons for individual distribution to a co-defendant; and 2) on March 24, 2009, defendant and others possessed with the intent to distribute approximately 596.36 grams of heroin, approximately $13,652 in United States currency, "pay and owe" sheets, bags of empty multicolored balloons, and empty sandwich baggies, at a residence in Lynwood, California.  Id.  Defendant admitted he knew that the conspiracy to sell heroin included an agreement to sell more than 1 kilogram but

1

less than 3 kilograms of heroin.  Id.

**II.  THE PRESENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on August 25, 2009.  The PSR calculated the total offense level as follows:

```
Base Offense Level   :     32   U.S.S.G. § 2D1.1(c)(4)
Acceptance of
Responsibility       :     -3   U.S.S.G. § 3E1.1
```

PSR ¶¶ 42-55; Plea Agreement ¶ 14.  The PSR also calculated a criminal history category of I based on zero criminal history points.  PSR ¶¶ 59-60.  The PSR calculated the guideline sentence, based on the statutory mandatory minimum, to be 120 months' imprisonment and 5 years' supervised release, together with a mandatory special assessment of $100, and a fine between $15,000 and $4,000,000.  PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 120-month term of imprisonment, a five-year term of supervised release, and a special assessment of $100.  USPO Recommendation Letter.  The Probation Officer found that defendant does not have the ability to pay a fine.  Id. at 1.

**IV.  THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence which is equivalent to the statutory mandatory minimum

applicable in this case.[1]  Defendant is not eligible for "safety valve" relief from the mandatory minimum sentence because defendant has refused to "truthfully provide[] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan[.]"  See 18 U.S.C. § 3553(f)(5), U.S.S.G. § 5C1.2(a)(5).[2]  Accordingly, and as set forth herein, the United States respectfully recommends that defendant be sentenced to a sentence equivalent to the mandatory minimum, that is, a term of 120 months imprisonment, followed by a 5-year term of supervised release, and a mandatory special assessment of $100.[3]  The recommended sentence addresses the considerations set forth at 18 U.S.C. § 3553(a), as discussed herein.

### 1. The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and

---

[1] Defendant arguably qualifies for the 2-level enhancement for obstructing or impeding the administration of justice, pursuant to U.S.S.G. § 3C1.1, given his admission that he coordinated information with others regarding law enforcement activity to help those involved in the sale and transportation of heroin evade detection by law enforcement.  Plea Agreement ¶ 11.  Given that such an enhancement would not change the United States' recommended sentence, the United States is not seeking to apply the enhancement at this time.

[2] On September 15, 2009, defendant and his counsel met with the government for purposes of the "safety valve" proffer, but defendant terminated the meeting shortly after it began and refused to truthfully provide the necessary information.

[3] The United States hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

3

characteristics of the defendant.  Here, defendant played an integral role in a large-scale, long-term heroin distribution conspiracy, receiving, processing, and packaging imported heroin, arranging for the distribution and sale of heroin by defendant and others, arranging for the delivery of heroin-derived proceeds back to Mexico, and coordinating information about law enforcement so as to avoid detection.  Unlike many other defendants in this case, defendant is not a heroin addict and reports no mental health problems.  PSR ¶¶ 74-75.  Instead, defendant appears to have been motivated solely by greed and his relationship with co-defendant Jessica Mendoza, a leader of the conspiracy.  Although relatively young, defendant's role in this conspiracy counsels for the recommended sentence.  Moreover, defendant's refusal to participate in the "safety valve" proffer indicates a lack of remorse and is indicative of his unabated loyalty to the leaders of the conspiracy.  Defendant's lack of criminal history is properly accounted for by the recommended sentence, which is the statutory mandatory minimum.

        2.   <u>The Need For The Sentence Imposed</u>

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.  As alleged in the indictment, the instant conspiracy was a long-running conspiracy kept going by various members of the Mendoza organization in Mexico, who would come to the United States in order to coordinate and facilitate the distribution of heroin.

4

The offense was a serious one in that this organization was responsible for the distribution of large amounts of heroin throughout southern California, continuously supplying the region for many years.  Moreover, the organization supplied gang members, allowing the gangs to benefit from the revenue produced by the sale of heroin.  In order to deter the organization from continuing to operate and to deter others from attempting to replace those arrested, a significant period of incarceration is warranted for defendant.  Morever, anything less than the mandatory minimum sentence would not provide just punishment for the offense or promote respect for the law, nor would it comply with the dictates of 21 U.S.C. § 841.

    3.   <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities.  Sentencing defendant to the mandatory minimum sentence, which is greater than the sentencing guideline sentence that would otherwise apply, will avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

**V.   CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 120 months imprisonment, five years of supervised release, and a special assessment of $100.